IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL and SARAH JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER GRANTING DEFENDANT'S [22] MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:22-cv-00523-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 10). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendant United States of America's (Defendant or United States) Motion for Summary Judgment (Motion (Def. Mot.), ECF 22). The court heard oral argument on the Motion at a hearing on July 11, 2024 (ECF 33). Having carefully considered the relevant filings, case law, and oral argument, the court GRANTS Defendant's Motion.

I.     PROCEDURAL BACKGROUND

On August 18, 2022, Plaintiffs Michael Johnson (Mr. Johnson) and Sarah Johnson (Ms. Johnson) (collectively, Plaintiffs) initiated this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 (Complaint (Compl.), ECF 2). Plaintiffs' claims arise from the destruction of their real and personal property in June 2018 during a controlled burn by the United States Forest Service (Forest Service) in the Manti-La Sal National Forest that escaped containment (the Trail Mountain Fire) (Compl. ¶¶ 11, 15, 19). Plaintiffs assert the following three claims: (1) Negligence based on the Forest Service's failure to notify Plaintiffs of the controlled burn (*id.* ¶ 27); (2) Negligence per se based on the failure to notify (*id.* ¶ 32); and (3) Trespass based on the spread of the Trail Mountain Fire to Plaintiffs' property (*id.* ¶ 37).

On February 16, 2024, the United States filed the instant Motion seeking summary judgment on all of Plaintiffs' claims, arguing that the discretionary-function exception to the FTCA bars jurisdiction (Def. Mot. at 2). Plaintiffs filed a Response arguing the discretionary-function exception is inapplicable to their negligence claims based on the failure to notify (Response (Pl. Resp.), ECF 25 at 13–16). Plaintiffs did not address the trespass claim in their Response. The United States later filed a Reply (Reply (Def. Rep.), ECF 30) and a Notice of Supplemental Authority (ECF 34), citing to *Strawberry Water Users Association v. United States*, 109 F.4th 1287 (10th Cir. 2024), in further support of its Motion.

## II.     FACTUAL BACKGROUND[1]

### A.     Regulatory Background

The National Forest Management Act, 16 U.S.C. §§ 1600–1604, requires the Forest Service to develop, maintain, and amend land and resource management plans referred to as forest plans. The 1986 Land and Resource Management Plan (1986 Forest Plan) was the forest plan in effect for the Manti-La Sal National Forest at the time of the Trail Mountain Fire. The 1986 Forest Plan authorizes prescribed burns forest-wide for fuels treatment and resource improvement. *See* 1986 Forest Plan at III-13, III-43.

The U.S. Secretary of Agriculture has delegated authority for administering and protecting National Forest System lands to the Forest Service. 36 C.F.R. § 200.3. Pursuant to this authority, the Forest Service has promulgated policies and directives, including the Forest Service Manual (FSM). *See id.* § 200.4. FSM Chapter 5140, entitled Hazardous Fuels Management and Prescribed

---

[1] The following facts are either undisputed or portrayed in the light most favorable to Plaintiffs. Unless otherwise noted, the facts are drawn from the Motion (ECF 22) and the Response (ECF 25).

Fire, provides policy guidance specific to using prescribed fire to achieve desired conditions and attain management objectives. FSM 5140.2, 5140.3.

The Forest Service uses the Interagency Prescribed Fire Planning and Implementation Procedures Reference Guide (PMS 484 Guide) to create a prescribed fire program and prepare a prescribed fire plan. FSM 5142.3, 5142.6. The PMS 484 Guide provides the agency administrator the information needed to evaluate the prescribed fire plan and provides the burn boss the information needed to implement the plan. Element 9 of the PMS 484 Guide provides the standards for how pre-burn notifications are to be handled in a fire plan:

> Include a list of organizations (including news media) and individuals who are to be notified prior to ignition, with information necessary to make the contacts. Reasonable efforts will be made to notify adjacent landowners (or their agents) and other potentially impacted publics. Attempts or actual notifications (or both) will be documented with date and method and placed in the project file.

The PMS 484 Guide does not define or give guidance as to what "adjacent landowners" means.

### B. The Trail Mountain Fire Plan

The Forest Service manages the Manti-La Sal National Forest, a 1,413,111-acre forest that extends from central Utah to southeastern Utah and into Colorado. In 2011, Plaintiffs acquired 457 acres of private land within the Manti-La Sal National Forest in Emory County, Utah (the Property). The Property housed a custom-built cabin, outbuildings, and fencing.

In 2015, the Forest Service proposed the Trail Mountain Project to help reduce hazardous fuels, restore wildlife habitat, and reduce the risk to life (firefighters, recreationalists, and permittees) and property. The Trail Mountain Project area boundary was decided by a Forest Service interdisciplinary team comprised of the District Ranger, his staff, and multiple specialists (e.g. hydrologist, wildlife biologist, and silviculturist). The Trail Mountain Project proposed a prescribed burn of approximately 4,345 acres within the 17,115 acres of the Trail Mountain Project

area. In April 2018, the District Ranger signed the Decision Memo. The Trail Mountain Fire Plan was developed by a qualified preparer, underwent a technical review, and was then signed by an agency administrator. On May 1, 2018, the Trail Mountain Fire Plan was approved.

A press release was issued by the Forest Service prior to ignition of the Trail Mountain Fire. Prior to ignition, flyers with information about the prescribed fire went out across the entire community and were posted on an information board near the prescribed fire area. ETV News published articles about the Trail Mountain Fire prior to ignition. Plaintiffs were at the Property in the weeks before the ignition.

The notification plan of the Trail Mountain Fire Plan listed contact information for those who were to be contacted prior to ignition. Plaintiffs were not listed on the notification plan of the Trail Mountain Fire Plan. The Property is approximately two miles to the east of the Trail Mountain Fire Plan perimeter. Moab Interagency Fire Center made notifications pursuant to the Trail Mountain Fire Plan on May 11 and June 4–6, 2018. Prior to ignition of the Trail Mountain Fire, notifications were made pursuant to the Trail Mountain Fire Plan.

C. The Trail Mountain Fire

On June 4, 2018, the Trail Mountain Fire was ignited by the Forest Service. On June 6, 2018, the Trail Mountain Fire escaped containment and was declared a wildfire. The Forest Service posted about the Trail Mountain Fire on Facebook on June 4, and 6–7, 2018, both before and after it escaped containment. Information about the Trail Mountain Fire was posted on utahfireinfo.gov on June 5, 7, and 8, 2018. Information was also posted on InciWeb, an interagency information management system available to the public, and InciWeb also posted on Twitter on June 8 and 10, 2018. After the fire escaped, a Wildland Fire Decision Support System (WFDSS) Incident Decision was published on June 9, 2018.

Plaintiffs did not learn of the Trail Mountain Fire until June 10, 2018, after it had escaped containment. On June 10, 2018, the Emery County sheriff called Mr. Johnson's work cell phone to let him know that there was a fire near his property. On the morning of June 11, 2018, Mr. Johnson attended a Forest Service wildfire briefing. After this briefing, Mr. Johnson drove to the Property and saw that the fire was actively burning on the Property. Plaintiffs' family cabin, heirlooms, belongings, and many acres of the Property and fencing were destroyed in the fire. The Trail Mountain Fire grew to 18,080 acres, was declared contained on June 27, 2018, and was declared out on July 28, 2018.

### III. LEGAL STANDARDS

#### A. Summary Judgment Standard

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, courts "examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cnty.*, 546 F.3d 1299, 1306 (10th Cir. 2008)). "For there to be a 'genuine' dispute of fact, there must be more than a mere scintilla of evidence; to avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Aubrey v. Koppes*, 975 F.3d 995, 1004 (10th Cir. 2020) (quoting *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020)). Thus, "mere conclusory allegations are insufficient to establish an issue of fact under Fed. R. Civ. P. 56." *Barber*, 562 F.3d at 1228 (quoting *Bruner v. Baker*, 506 F.3d 1021, 1025 (10th Cir. 2007)).

### B. Discretionary-Function Exception

As a sovereign, "[t]he United States and its officers enjoy immunity from suit except in instances where the United States has expressly waived that protection." *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015). "Unless the United States waives its sovereign immunity, thereby consenting to be sued, the federal courts lack jurisdiction to hear claims against it." *San Juan Cnty. v. United States*, 754 F.3d 787, 792 (10th Cir. 2014). Sovereign immunity is waived "only when Congress 'unequivocally expresse[s]' its intention to waive the government's sovereign immunity in the statutory text." *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 37 (1992)).

The FTCA waives sovereign immunity for "claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). This waiver is limited by a number of statutory exceptions, including the discretionary-function exception at issue here. *See id.* § 2680(a). "When an exception applies, sovereign immunity remains, and federal courts lack jurisdiction." *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017). "Because the discretionary function exception is jurisdictional, the burden is on [the plaintiff] to prove that it does not apply." *Hardscrabble Ranch, LLC v. United States*, 840 F.3d 1216, 1220 (10th Cir. 2016). If the plaintiff fails to meet his burden, "[t]he [discretionary function] exception applies even if the governmental employees were negligent." *Aragon v. United States*, 146 F.3d 819, 822 (10th Cir. 1998).

The discretionary-function exception provides that the United States may not be held liable for claims "based upon the exercise or performance or the failure to exercise or perform a

6

discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The applicability of this exception "depends on the nature of the agency's conduct" as evaluated under a two-part test referred to as the *Berkowitz* test. *Garling*, 849 F.3d at 1295 (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). When both parts of the test are met, "the governmental conduct is protected as a discretionary function, and sovereign immunity bars a claim that involves such conduct." *Id.*

First, the court determines whether the conduct at issue "was 'discretionary', meaning whether it was 'a matter of judgment or choice for the acting employee.'" *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008) (quoting *Berkovitz*, 486 U.S. at 536). The discretionary-function exception will bar claims unless the plaintiff can identify a "federal statute, regulation, or policy [that] specifically prescribe[d] a course of action for [the agency] to follow," such that "the [agency] ha[d] no rightful option but to adhere to the directive." *See United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz*, 486 U.S. at 536). Second, the court determines whether the challenged conduct "required the 'exercise of judgment based on considerations of public policy.'" *Garling*, 849 F.3d at 1295 (quoting *Garcia*, 533 F.3d at 1176); *Berkovitz*, 486 U.S. at 536–37. In making this determination, the court considers "whether the plaintiffs challenge 'legislative and administrative decisions grounded in social, economic, and political policy.'" *Knezovich v. United States*, 82 F.4th 931, 937 (10th Cir. 2023) (quoting *Kiehn v. United States*, 984 F.2d 1100, 1103 (10th Cir. 1993)). The court will address the parties' arguments regarding the applicability of the discretionary-function exception in turn.

## IV. DISCUSSION

### A. Negligence Claims

Plaintiffs' negligence claims are based on the Forest Service's failure to notify Plaintiffs of the plan to conduct a controlled burn (Compl. ¶¶ 27, 32). Defendant seeks summary judgment on Plaintiffs' negligence claims based on the discretionary-function exception (Def. Mot. at 12). Defendants argue Plaintiffs have failed to meet their burden under both prongs of the *Berkovitz* test because Plaintiffs fail to identify a specific policy the Forest Service failed to follow in notifying landowners, and the Forest Service's decision about who to notify was connected to policy considerations (*id.* at 12–14). Plaintiffs respond that the discretionary-function exception is inapplicable because the Forest Service's decision of whether to notify Plaintiffs of the prescribed burn was not a matter of discretion, and notification procedures prior to ignition of a prescribed burn do not implicate policy considerations (Pl. Resp. at 14–16). In the Reply, Defendant argues that Plaintiffs' arguments are unsupported by the PMS 484 Guide and controlling law from the Tenth Circuit (Def. Rep. at 2, 5).

As to the first prong, Plaintiffs argue the PMS Guide 484 mandates the prescribed fire burn boss to "[c]oordinate with adjacent landowners, cooperators, and permit holders as designated in the prescribed fire plan, "[e]nsure adjacent landowners and other notifications are made and are documented, prior to ignition as designated in the prescribed fire plan," and that "[r]easonable efforts will be made to notify adjacent landowners (or their agents) and other potentially impacted publics" prior to the burn (Pl. Resp. at 14 (quoting PMS 484 Guide, Element 9)). It is undisputed that the PMS 484 Guide does not define or give guidance on the meaning of the term "adjacent landowners." Defendant points to deposition testimony indicating the Forest Service interpreted "adjacent landowner" as a property owner whose land shared a common boundary with the project

8

area (Def. Ex. F, ECF 22-7 at 57:19–22, 93:6–10). Plaintiff disputes this by pointing to the Forest Service's Values at Risk (VAR) map showing that property owners who did not share a common boundary with the Trail Mountain project area were nonetheless included in the notification list (Pl. Ex. A, ECF 25-2 at 175). Plaintiff notes this is consistent with the dictionary definition of "adjacent" as "not distant" or "nearby," which is broader than sharing a property boundary (Pl. Resp. at 14–15). Defendant responds that this evidence is irrelevant to the discretionary-function analysis because even if the Forest Service negligently decided whose property was "adjacent" to the burn area, this decision remains discretionary (Def. Rep. at 3).

The court agrees with Defendant that Plaintiffs have failed to meet their burden to identify a federal statute, regulation, or policy prescribing a specific course of action for the Forest Service to follow in deciding who to notify of the burn. As conceded by Plaintiffs, the term "adjacent landowners" is not defined by the PMS 484 Guide. Although notification is mandatory, the decision of which landowners are adjacent is thus discretionary. Even if the Forest Service was negligent in deciding which landowners to notify of the prescribed burn, the discretionary-function exception nonetheless protects this discretionary conduct. *See Elder v. United States*, 312 F.3d 1172, 1176 (10th Cir. 2002) ("Because the exception applies 'whether or not the discretion involved [was] abused,' 28 U.S.C. § 2680(a), it is irrelevant whether the government employees were negligent." (quoting *Aragon*, 146 F.3d at 822)). Evidence that Plaintiffs were not notified of the prescribed burn or that landowners who did not share a boundary with the burn area were notified is not material and insufficient to create a dispute of fact. The first prong of the *Berkovitz* test for the discretionary-function exception is met as a matter of law. *See Berkovitz*, 486 U.S. at 536.

9

Turning to the second prong, Plaintiffs rely on a case that is not controlling in this circuit, *Green v. United States*, 630 F.3d 1245 (9th Cir. 2011), to support their argument that the Forest Service's decisions relating to the notification of landowners prior to ignition of the burn do not implicate policy considerations (Pl. Resp. at 15–16). In *Green*, the Ninth Circuit held that while the Forest Service's decision to light a "backfire" in response to a naturally caused wildfire was discretionary, the failure to notify neighboring landowners of the backfire was not a policy-based choice because there was no evidence to suggest that the failure to warn resulted from any resource-allocation consideration. 630 F.3d at 1251–53. Defendant responds that the holding in *Green* is inconsistent both with Supreme Court and Tenth Circuit precedent (Def. Rep. at 4–5).

The court agrees that Plaintiffs have failed to meet their burden to show that the Forest Service's decision of who to notify of the burn is not subject to policy considerations. Both the Supreme Court and the Tenth Circuit have consistently held that there is a presumption that agency conduct is subject to policy considerations where there is no required course of conduct. *See, e.g.*, *Gaubert*, 499 U.S. at 324–25 (explaining that when applicable statutes, regulations, or agency guidance allow an agency employee to exercise discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion"); *Knezovich*, 82 F.4th at 942 ("We presume that a government agency's acts are grounded in policy [where] . . . no statute, regulation, or policy sets forth a required course of conduct." (quoting *Ball v. United States*, 967 F.3d 1072, 1079 (10th Cir. 2020))). In *4Sees v. United States*, 2:16-cv-00695-JNP-CMR, 2020 WL 5495183 (D. Utah Sept. 9, 2020), this court rejected the plaintiffs' argument that firefighters' failure to warn them prior to conducting burnouts near their property was not policy based, holding that "communication with private property owners in the course of fighting a wildfire implicates the same policy considerations relevant to other wildfire management decisions." *Id.* at *9. These

holdings make clear that the Forest Service's notification of adjacent landowners of the prescribed burn in this case was subject to policy considerations, and the second prong of the discretionary-function exception is therefore met. *See Berkovitz*, 486 U.S. at 536–37. Based on the foregoing, the court concludes that the discretionary-function exception is applicable to Plaintiffs' negligence claims, and Defendant is entitled to judgment as a matter of law on these claims.

B.   **Trespass Claim**

The court next addresses Plaintiffs' claim for trespass against the United States based on the Trail Mountain Fire spreading to the Property (Compl. ¶ 37). Defendant moves for summary judgment on Plaintiffs' trespass claim under the discretionary-function exception arguing that Plaintiffs cannot meet their burden on either prong of the *Berkovitz* test (Def. Mot. at 16). As to the first prong, Defendant argues that because there is no statute, regulation, or policy directive prescribed a specific course of action that the Forest Service was required to follow in managing the Trail Mountain Fire, Plaintiffs cannot show that the Forest Service's decisions regarding how to manage the fire were not discretionary (*id.* at 16–17). Defendant further agues Plaintiffs cannot meet the second prong because the Forest Service's actions are presumed to have been grounded in considerations of public policy where agency policies and guidelines leave fire management decisions to the discretion of the Forest Service (*id.* at 17). As noted above, although Plaintiffs filed a timely Response to the Motion, Plaintiffs failed to respond to these arguments or otherwise address or support their trespass claim in their Response. When a party fails to timely respond to a summary judgment motion, "the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law." DUCivR 56-1(f). For the reasons below, the court concludes that Defendant has established it is entitled to judgment as a matter of law on Plaintiffs' trespass claim.

11

First, the court agrees that the Forest Service's conduct in managing the Trail Mountain Fire was discretionary. Courts have consistently held that the discretionary-function exception applies to how the federal government manages and suppresses fires on federal land.[2] The recent Tenth Circuit decision, *Strawberry Water Users Ass'n v. United States*, 109 F.4th 1287 (10th Cir. 2024), which Defendant provided as supplemental authority, is particularly instructive on this point. *See id.* at 1297 (holding that the discretionary-function exception applies to claims alleging the Forest Service failed to adequately suppress two wildfires). In *Strawberry Water Users*, the court reasoned that where "[t]he relevant course of action . . . is fighting a fire" and the applicable statute "does not require the Forest Service to 'suppress the fire in a specific manner and within a specific period of time,'" this conduct "cannot form the basis for concluding that the agency failed to follow a mandatory course of action." *See id.* at 1296–97 (quoting *Hardscrabble Ranch*, 840 F.3d at 1222). Here, Plaintiffs also failed to meet their burden to identify a federal statute, regulation, or policy prescribing a specific course of action for the Forest Service to follow in preventing the spread of the Trail Mountain Fire to the Property, which is the conduct that forms the basis of Plaintiffs' trespass claim. Like in *Strawberry Water Users*, the Forest Service's conduct in managing the Trail Mountain Fire was therefore discretionary, and the first prong of the *Berkovitz* test for the discretionary-function exception is met. *See Berkovitz*, 486 U.S. at 536.

The court also agrees that the Forest Service's management of the Trail Mountain Fire was based on considerations of public policy. Fire management is inherently policy-based because "the balancing of the needs to protect private property, ensure firefighter safety, reduce fuel levels, and

---

[2] *See, e.g.*, *Hardscrabble Ranch, LLC v. United States*, 840 F.3d 1216, 1222–23 (10th Cir. 2016) (holding that the discretionary-function exception applies to claims alleging the Forest Service mismanaged a fire on its land); *Knezovich v. United States*, 82 F.4th 931, 942 –943 (10th Cir. 2023) (applying the exception because the decision to delay suppression efforts was discretionary and involved an exercise of policy judgment); *4Sees v. United States*, 2:16-cv-00695-JNP-CMR, 2020 WL 5495183, at *10 (D. Utah Sept. 9, 2020) (holding that the exception applies to claims alleging the Bureau of Land Management mismanaged fires on its lands).

encourage natural ecological development . . . are precisely the kind of social, economic, and political concerns the discretionary function exception was designed to shield from 'judicial second guessing.'" *Hardscrabble Ranch*, 840 F.3d at 1222–23 (quoting *Berkovitz*, 486 U.S. at 536–37). The second prong of the *Berkovitz* test is therefore also met. *See Berkovitz*, 486 U.S. at 536–37. For these reasons, the court concludes that the discretionary-function exception bars Plaintiffs' trespass claim, and Defendant is entitled to summary judgment on this claim.

## V.     ORDER

For the foregoing reasons, Defendant's Motion for Summary Judgement (ECF 22) is GRANTED, and Plaintiffs' claims are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 25 September 2024.

								          _____
								          Magistrate Judge Cecilia M. Romero
								          United States District Court for the District of Utah